■ In the Matter of the Claim of PETER VILLANO, Respondent, v. F. EVANGELISTA & SON CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeals from decisions of the Workmen's Compensation Board filed April 11, 1967, and filed June 14, 1967. Claimant, a truck driver, on August 2, 1965, was driving a 10-wheel dump truck loaded with cobblestones which developed two flat tires. The truck was left overnight and the next day claimant felt a pulling sensation across his arm and chest while changing, lifting and handling two truck tires weighing 300

pounds each. Following this, he returned to the employer's yard and at the employer's request backed his truck into another one for the purpose of straightening out the tailgate, in the process of which he went into a cold sweat and felt very dizzy. He was hospitalized and a diagnosis was made that claimant was suffering from an acute myocardial infarction. The sole issue raised upon appeal is whether there is substantial evidence to sustain and support the board's determination finding accidental injury and causal relationship upon which an award was made. We can not say as a matter of law that the board erred in crediting claimant's version of the events which took place and accepting his story, the record contains substantial evidence to sustain the board's findings. Likewise, the board's resolution of the differing medical evidence is final (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). This case is similar to many other cardiac cases involving physical effort and conflicting medical testimony as to causal relation (see, e.g., *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854; *Matter of Drews* v. *Blue Ribbon Fish Co.*, 23 A D 2d 927, mot. for lv. to app. den. 16 N Y 2d 483; *Matter of Genoino* v. *Dilbert Bros.*, 28 A D 2d 579; *Matter of Dodson* v. *Vanecek & Son*, 24 A D 2d 787). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Aulisi, J.